UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH A. MCCREADY, | ) |
| | ) |
| Plaintiff, | ) |
| | )    05-2033 |
| v. | ) |
| | ) |
| BRUCE KAMMINGA, DAVID MCDUFFEE, | ) |
| and eBAY, INC., | ) |
| | ) |
| Defendants. | ) |

ORDER

Kenneth McCready ("McCready") has filed a two-count complaint against the defendants, Bruce Kamminga ("Kamminga"), David McDuffee ("McDuffee"), and eBay, Inc. ("eBay"). McCready, Kamminga and McDuffee are proceeding *pro se*.

This is not the parties' first attempt at litigation. On September 3, 2002, McCready filed a complaint against Kamminga and McDuffee in the United States District Court for the Western District of Michigan. The complaint centered around an eBay transaction between McCready and Kamminga that was never consummated. The district court dismissed McCready's complaint. McCready appealed to the Sixth Circuit Court of Appeals, which affirmed the judgment of the district court. 113 Fed. Appx. 47, 2004 WL 1832903 (6th Cir. Aug. 12, 2004).

McCready brings this action pursuant to the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*. (the "ECPA") and the Stored Communications Act, 18 U.S.C. § 2701 *et seq*. (the "SCA"). McCready claims that McDuffee served eBay with a "phony" subpoena,[1] and eBay gave to McDuffee printouts of electronic communications between McCready, eBay, and/or McCready's eBay trading partners. McDuffee then gave copies of the printouts to Kamminga, who attached them to his Sixth Circuit appellate brief. McCready states he first learned of the existence of the documents sometime after Kamminga filed his appellate brief. McCready alleges the defendants violated the ECPA and the SCA by intercepting, disclosing and/or intentionally divulging the contents of electronic communications.

The court dismissed McCready's original complaint in this case for failure to comply with Federal Rule of Civil Procedure 8. On April 18, 2005, McCready filed an amended complaint.

---

[1] The subpoena was issued by the Western District of Michigan and served on eBay in California.

1

Kamminga and McDuffee filed their answers to the amended complaint.[2] eBay and McDuffee filed separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

In its April 1, 2005 order, this court warned the parties that it would not allow this case to become trapped in a thicket of motions meant to harass adverse parties, increase the costs of the litigation, and cause vexatious delay.  Nonetheless, between May 5 and May 18, 2005, McCready filed five motions.  First, McCready filed a motion for default judgment and motion for entry of default [#24] against Kamminga for filing an inartful answer to the complaint.  Then on May 10, 2005, he filed a motion to strike McDuffee's answer to the complaint and find McDuffee in contempt [#27].  Also on May 10, 2005, McCready filed a motion to advance the filing date of a motion for sanctions against Kamminga [#28], since Kamminga had filed an answer to McCready's proposed motion for sanctions.  On May 12, 2005, McCready filed a motion to strike McDuffee's motion to dismiss [#30], and on May 18, 2005, he filed the motion for sanctions against Kamminga [#32], which rendered moot docket entry #28.

## ANALYSIS

On a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pled factual allegations of the complaint, drawing all reasonable inferences in the plaintiff's favor. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992).  Dismissal is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

### I.

McCready alleges that the defendants violated the ECPA when McDuffee subpoenaed printouts of electronic communications from eBay and provided the documents to Kamminga, who disclosed them to the Sixth Circuit Court of Appeals.

The ECPA prohibits the interception of any wire, oral, or electronic communication or the disclosure or use of the contents of an intercepted communication, as well as the use of a device to intercept an oral communication. 18 U.S.C. § 2511(1).  In order for an interception to occur, the communication must be acquired contemporaneously with the transmission; that is, it must be acquired "during flight." *United States v. Steiger*, 318 F.3d 1039, 1048-49 (11th Cir. 2003).  Once an electronic communication is stored on a server, the transmission is complete and no "interception" can occur. *See Konop v. Hawaiian Airlines, Inc.*, 302 F. 3d 868, 877-79 (9th Cir. 2002).

---

[2] In his answer, Kamminga also sought dismissal of McCready's complaint for failure to state a claim for relief.

[3] Kamminga's pleadings suggest he is an unsophisticated litigant.  For this reason, where the arguments of eBay and McDuffee also support the dismissal of Kamminga, the court will dismiss the claims against him as well.

McCready states that the electronic communications at issue were stored on eBay's servers. Nonetheless, he argues that the defendants "intercepted" the communications because he had not yet accessed some of those communications when eBay responded to the subpoena and provided the printouts of the communications. The court rejects this argument. Under McCready's reasoning, an electronic communication could simultaneously be in "flight" and in storage – a view unsupported by existing case law.[4]

McCready has pled facts inconsistent with his claim for relief under the ECPA. Accordingly, Count I of his complaint is dismissed.

II.

McCready also alleges that the defendants violated the SCA when they accessed and divulged the contents of electronic communications stored on eBay's server. The SCA prohibits intentional, unauthorized access to a facility through which an electronic communication service is provided. 18 U.S.C. § 2701(a)(1). The SCA also prohibits the provider of an electronic communication service from knowingly divulging the contents of a communication in the provider's electronic storage. 18 U.S.C. § 2702(a)(1).

McCready argues that McDuffee and Kamminga violated the provisions of Section 2701(a). However, McCready alleges no facts to suggest that McDuffee and Kamminga accessed a *facility* of any kind.[5] McCready simply alleges that McDuffee sent a subpoena to eBay, and eBay responded with copies of communications stored on its server. Furthermore, assuming arguendo that eBay is a facility, even if McCready could show that, through the subpoena, McDuffee accessed that facility, the access was hardly unauthorized because eBay provided him with printouts of the

---

[4] The Seventh Circuit Court of Appeals has not yet weighed in on this issue. McCready cites *Fraser v. Nationwide Mut. Ins. Co.*, 135 F. Supp 2d 623, 634 (E.D. Pa. 2001) for the proposition that an interception can occur at any time before the recipient receives or downloads the transmission. However, on appeal, the Third Circuit adopted a narrower view. "Every circuit court to have considered the matter has held that an 'intercept' under the ECPA must occur contemporaneously with transmission." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113 (3d Cir. 2004) (*citing United States v. Steiger*, 318 F.3d 1039, 1048-49 (11th Cir. 2003); *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002); *Steve Jackson Games, Inc. v. U.S. Secret Serv.*, 36 F.3d 457 (5th Cir. 1994); *Wesley College v. Pitts*, 974 F. Supp. 375 (D. Del. 1997), *summarily aff'd*, 172 F.3d 861 (3d Cir. 1998)).

[5] The court's analysis does not hinge on the existence of a building or location; the facility can be a data base. To the extent McCready wishes to argue that McDuffee accessed eBay's data base by requesting printouts of certain communications, that argument is unavailing. McDuffee did not have access to "obtain, alter or destroy" communications in eBay's server, as would a computer hacker who obtained access to a data base. *See, e.g., In re Double Click, Inc. Privacy Litigation*, 154 F. Supp. 2d 497, 507 (S.D.N.Y. 2001) (noting the purpose of Section 2701 *et seq*. is to provide a cause of action against hackers).

communications. Kamminga's alleged violation of the SCA is even more obscure, as he received copies of the printouts from McDuffee. From the facts alleged in the complaint, it is clear that neither McDuffee or Kamminga obtained unauthorized access to a facility in violation of the SCA. Therefore, the court dismisses Count II against McDuffee and Kamminga.

### III.

The Section 2702(a)(1) claim against eBay presents a closer question. eBay argues that it does not provide an electronic communication service;[6] therefore, the provisions of Section 2702(a)(1) do not apply. "Courts have concluded that 'electronic communication service' encompasses internet service providers as well as telecommunications companies whose lines carry internet traffic, but does not encompass businesses selling traditional products or services online." *Dyer v. Northwest Airlines Corp.*, 334 F. Supp. 2d 1196, 1199 (D.N.D. 2004). While eBay does not sell access to the internet – in fact, one cannot contact eBay without first accessing the internet by some other means – it can hardly be said to offer a traditional product or service online because eBay does not sell its own goods, nor does it sell products for others. eBay provides a means through which individuals may contact one another for the purchase and sale of items. eBay facilitates communication between trading partners to support its primary purpose – to link buyers and sellers in the cyber-marketplace. As such, its purpose is distinct from companies whose sole or significant purpose is to provide access to the internet. Therefore, this court concludes that McCready's Count II fails to state a claim against eBay because it is not a provider of electronic communication services as contemplated by the SCA.

### CONCLUSION

For the foregoing reasons, the motion to strike McDuffee's motion to dismiss [#30] is denied. The court grants eBay's motion to dismiss [#18] and McDuffee's motion to dismiss [#25]. Kamminga, in his answer, sought dismissal from this case, which is also granted. The motion for entry of default and motion for default judgment [#24], the motion to strike McDuffee's answer to the amended complaint [#27], the motion to advance the filing date of the motion for sanctions [#28], and the motion for sanctions [#32] are denied as moot. This case is terminated. The parties shall bear their own costs.

Entered this 13th day of June, 2005.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[6] The ECPA defines an "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications[.]" 18 U.S.C. § 2510(15).